# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2018

Lyle W. Cayce
Clerk

No. 18-40042
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR BOGAR LAGUNA-GOMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-1209-1

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Oscar Bogar Laguna-Gomez pleaded guilty to importing into the United States 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 960(a)(1), (b)(1). He was sentenced to 168 months of imprisonment. On appeal, Laguna-Gomez asserts that the factual basis for his guilty plea was inadequate because the Government failed to meet its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40042

obligation to prove that he had knowledge of the type and quantity of the controlled substance involved in his offense.

As Laguna-Gomez concedes, his argument is foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009), which held that *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), did not overturn *United States v. Gamez-Gonzalez*, 319 F.3d 695 (5th Cir. 2003), and that the Government is not required to prove knowledge of the drug type and quantity as an element of a 21 U.S.C. § 841 drug trafficking offense.  Likewise, knowledge of drug type and quantity is not an element that must be proven for an offense under the related drug importation statutes of § 952(a) and § 960(a).  *United States v. Restrepo-Granda*, 575 F.2d 524, 527 (5th Cir. 1978); *see United States v. Valencia-Gonzales*, 172 F.3d 344, 345-46 (5th Cir. 1999).   Thus, the Government was not required to prove that Laguna-Gomez knew the type and quantity of the controlled substance involved in his drug importation offense.

Accordingly, Laguna-Gomez's motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED.